IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTIANE DALTON,<br>Individually and on behalf of all others<br>similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>      Defendant. | Case No.   4:13-cv-00593<br><br>JURY DEMAND |

## NOTICE OF REMOVAL

Target Corporation ("Target") hereby removes this action from the Circuit Court of Phelps County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446.  In support of removal, Target states:

1.    On April 5, 2012, plaintiff filed a complaint in the Circuit Court of Phelps County, Missouri, styled *Christiane Dalton, Individually and on behalf of all others similarly situated v. Target Corporation*, case number 12PH-CN00559.

2.    Plaintiff served the complaint and summons on Target on April 20, 2012.

3.    "[T]he case stated by the initial pleading [*i.e.*, the complaint] [was] not removable," as discussed more fully below.  28 U.S.C. § 1446(b)(3).  Thus, the 30-day removal period provided by 28 U.S.C. § 1446(b)(1) was not triggered by the filing of the complaint.

4.    On February 28, 2013, plaintiff served written discovery responses that may have triggered the 30-day removal period provided by 28 U.S.C. § 1446(b)(3), as discussed more fully below.

5.    This notice of removal is filed timely.  *See* 28 U.S.C. § 1446(b)(3).

SPH-2087363-1

6. Attached to this notice as Exhibit 1 are copies of the complaint, summons, and all other processes, pleadings, and orders served by or upon Target in the state-court action. *See* 28 U.S.C. § 1446(a).

7. This action is one that properly could have been filed in this Court under 28 U.S.C. § 1332.

8. This Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this lawsuit is a putative class action in which there is minimal diversity of citizenship and the amount in controversy exceeds $5 million, as explained more fully below.

## PARTIES

9. Plaintiff Christiane Dalton is an individual domiciled in Rolla, Missouri. *See* Complaint ¶ 10.

10. Target is a corporation organized outside the State of Missouri with its principal place of business outside the State of Missouri. *See id.* at ¶ 11. Indeed, Target is incorporated in Minnesota and its principal place of business is located in Minnesota.

## PLAINTIFF'S ALLEGATIONS[1]

11. Plaintiff filed this case as a putative class action under Missouri Rule of Civil Procedure 52.08. *See* Complaint ¶¶ 1, 44. Plaintiff alleges that Target violated Missouri's "Computer Tampering and Missouri Merchandising Practices Act statutes, as well as [committed] common-law claims of conversion, trespass to chattels, invasion of privacy by unreasonable intrusion, and unjust enrichment" through the use of Internet Local Shared Objects

---

[1] Target does not admit the underlying facts as alleged by plaintiff or as summarized herein. Target expressly denies any liability to plaintiff or the putative class. Similarly, Target reserves its right to challenge the legal sufficiency of the allegations in the complaint.

2

(LSOs)—commonly referred to as "flash cookies"—on Target's Internet website. *Id*. at ¶ 1.

12. Plaintiff contends that this "matter arises from Target's practices of coding its web pages to cause tracking code—its own and that of third parties—to be downloaded to, stored on, and activated on to the computers of Plaintiff and Class Members in Missouri and elsewhere for the purpose of tracking consumers' internet history and activities." *Id*. at ¶ 2.

13. Plaintiff contends that "Target deploys this code to profit from harvesting private information from and about such persons, across their web-browsing activity, even when they specifically set their privacy controls to prevent tracking." *Id*.

14. Plaintiff contends that "Target was able to create this valuable web property and generate substantial revenue through its conduct in violation of Missouri law." *Id*. at ¶ 17.

15. Plaintiff contends that she brings this action to recover her own damages, "damages for the Class members," "and for equitable and injunctive relief." *Id*. at ¶ 4.

16. Plaintiff purports to bring this lawsuit on behalf of a putative class proposed to be defined as:

> All persons residing in the State of Missouri who used computers in the State of Missouri, and whose computers, and/or computer systems, networks, programs, and/or data residing on or connected to those computers, were, through Defendant's conduct, modified, damaged, accessed, and/or altered, and/or from which whose private information was acquired without such persons' authorization or consent.

*Id*. at ¶ 44.

17. Plaintiff seeks a class period commencing in November 2005. *See id*. at ¶ 5.

18. Plaintiff asserts claims for violation of Missouri's Computer Tampering statute and the Missouri Merchandising Practices Act and for conversion, trespass to chattels, invasion of privacy by unreasonable intrusion, and unjust enrichment. *See id*. at Counts 1-6.

19. Plaintiff seeks the following categories of damages:

3

a. The damages resulting from and the cost necessary to hire a computer consultant to identify and remove Flash LSOs placed on Plaintiff's and Class Members' computers;

b. The cost necessary to install software to remove the Flash LSOs placed on Plaintiff's and Class Members' computers;

c. The Fair Market Value of the hard drive space occupied by both the Flash LSOs placed on Plaintiff's and Class Members' computers and the software needed to remove those Flash LSO;

d. The damages caused to Plaintiff's and Class Members' property including impaired operating capability and functionality, lost memory and impaired and slower performance of their computers;

e. The damages caused to Plaintiff's and Class Members' property as their computers have sustained and will sustain long term slowdowns, decreased performance, diminished functionality and reduced memory over time as a result of Target's placement of Flash LSOs or computer contaminants on their computers, which usurp memory;

f. The damage caused by Target to Plaintiff and Class Members who have incurred and will incur actual out-of-pocket expenses to repair their computers due to impaired performance and decreased functionality caused by the Flash LSOs and computer contaminants installed by Target on Plaintiff's and Class Members' computers;

g. The damages caused by Target to Plaintiff and Class Members who have incurred and will incur actual out-of-pocket expenses to replace their

4

        computers before expiration of the computers' functional life expectancy due to impaired performance and decreased functionality caused by the Flash LSOs and computer contaminants installed by Target on Plaintiff's and Class Members' computers;

    h.    The Fair Market Value of the personal and web browsing information Target stole from Plaintiff and Class Members;

    i.    The Fair Market Value of any reports, analytics and analysis of the stolen data obtained in violation of Missouri law; and

    j.    Disgorgement of the increased value of Target's web properties, profit from merchandise sales and any additional revenue obtained as a result of the theft of personal data and other illegal and improper conduct.

*Id*. at ¶ 43.

20.    Plaintiff also seeks the recovery of attorneys' fees. *See id*. at Prayer for Relief.

## JURISDICTION UNDER CAFA

21.    Congress intended CAFA to "open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." *Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009); *see also Standard Fire Ins. Co. v. Knowles*, No. 11-1450, 2013 WL 1104735, at *5 (U.S. Mar. 19, 2013) ("CAFA's primary objective" is to ensure "Federal court consideration of interstate cases of national importance."). Removal is proper under CAFA, 28 U.S.C. § 1332(d)(2), where, as here, a putative class action involves minimal diversity of citizenship and an aggregate amount in controversy exceeding $5 million.

5

22. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Missouri Rule of Civil Procedure 52.08, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); Complaint ¶¶ 1, 44.

**Minimal Diversity**

23. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). The named plaintiff is a citizen of Missouri. Target is not a citizen of Missouri.

**Amount In Controversy**

24. "In this circuit, the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (internal quotation omitted). Though defendants deny that plaintiff and the putative class have been damaged at all, "[j]urisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity." *Id*. (internal quotation omitted). As the Eighth Circuit has explained, "a party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional amount." *Bell*, 557 F.3d at 958. In analyzing the amount in controversy, the question is "not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are…." *Id*. at 959 (internal quotations and citation omitted; emphasis in original). If a defendant "prove[s] by a preponderance of the evidence that the amount in controversy is satisfied, remand is only

appropriate if [plaintiff] can establish that it is legally impossible to recover in excess of the jurisdictional amount." *Id*. at 959.

25. While Target denies that plaintiff and the putative class have suffered any damages at all, this case satisfies CAFA's amount-in-controversy requirement because the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The value to the plaintiff and the putative class of the damages they assert is greater than $5 million contrary to the assertion in the complaint. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6).

26. As discussed above, plaintiff seeks on behalf of herself and the putative class a litany of damages claims. *See* Complaint ¶ 43. Looking only at damages claims in paragraph 43(a)-(b) coupled with February 28, 2013, written discovery responses, however, demonstrates conclusively that the aggregate value of $5 million or more is at issue here. In paragraph 43(a)-(b), plaintiff seeks damages on behalf of herself and the putative class for the following:

> a. The damages resulting from and the cost necessary to hire a computer consultant to identify and remove Flash LSOs placed on Plaintiff's and Class Members' computers;
>
> b. The cost necessary to install software to remove the Flash LSOs placed on Plaintiff's and Class Members' computers;

In written discovery responses served by plaintiff on February 28, 2013, plaintiff indicated that the "current, commercial, anti-virus software includes capabilities to eliminate some tracking files, including LSOs, and costs approximately $49.99 per year" and that "computer consultants

7

provide services to remove viruses and spyware, including LSOs, at a one-time cost of approximately $299.99." *See* Exhibit 2 at page 4.  Accordingly, the base claim for the damages in paragraph 43(a)-(b) is $349.98 per plaintiff and class member.

27. Plaintiff's complaint, as drafted, encompasses *all* LSO technology that might be deployed on Target's website, whether created and hosted by Target or by third parties with which Target has contracted.  At least one LSO that is at issue in this case is an LSO provided by a company called ShopLocal, LLC ("ShopLocal"), a company with which Target has contracted to provide local advertisements on the website at issue.  Whenever a website visitor accesses the "local" weekly ad icon on Target's website, such access triggers the LSO that ShopLocal employs in order to provide the service (the weekly ad) for which Target has contracted ShopLocal to provide.  There is no dispute that the ShopLocal LSO is one that can be, and has been, activated through use of Target's website.  Based on information provided by ShopLocal, Target estimates that, during the period 2007 – 2012 (a period encompassing a part of the class period defined in the complaint), 5,032,770 unique Missouri computer website visitors accessed Target's "local" weekly ad icon on its website, which in turn activated the LSO technology provided by ShopLocal.  Again, critical to the Court's analysis for removal is that plaintiff is suing Target for *all* LSO technology that might be deployed through Target's website, including any LSO technology that might be the technology of a third party, such as ShopLocal, with which Target has contracted.

28. Applying these numbers, at least 5,032,770 unique Missouri computer website visitors times $349.98 in computer-repair damages provides a damages calculation of over $1 billion.

8

29. The other categories of damages that plaintiff seeks in paragraph 43 of the complaint on behalf of the putative class, plus the fact that plaintiff seeks injunctive relief and attorneys' fees, pushes the potential damages at issue even higher.

30. Plaintiff has attempted to avoid federal jurisdiction by capping the putative class's damages at an amount below $5 million. *See* Complaint ¶¶ 6-7. Last week, however, the Supreme Court ruled invalid a putative class representative's stipulation on behalf of a putative class that the class seeks an amount less than $5 million. *See Knowles*, 2013 WL 1104735, at *2 ("The question presented concerns a class-action plaintiff who stipulates, prior to certification of the class, that he, and the class he seeks to represent, will not seek damages that exceed $5 million in total. Does that stipulation remove the case from CAFA's scope? In our view, it does not.") (reversing Eighth-Circuit law). In this case, no class has been certified, and so *Knowles* is controlling: The named plaintiff in an uncertified class action has no authority to bind the putative class members to a pledge that the damages sought will be less than $5 million. *See Knowles*, 2013 WL 1104735.

**Timeliness Of Removal**

31. As noted, plaintiff served the complaint and summons on Target on April 20, 2012. However, "the case stated by the initial pleading [*i.e.*, the complaint] [was] not removable" because it specifically disclaimed that plaintiff and the class were seeking $5 million to establish CAFA jurisdiction or any other relief that would give rise to federal jurisdiction. *See* 28 U.S.C. § 1446(b)(3); Complaint ¶¶ 6-7.

32. The Eighth Circuit holds that "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." *In re Willis*, 228

9

F.3d 896, 897 (8th Cir. 2000). "This rule 'promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know.'" *Id*. (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). "Further, this rule prevents a plaintiff from disguising the amount of damages until after the thirty-day time limit has run to avoid removal to federal court." *Id*.

33. In the case at bar, the complaint did not explicitly disclose that plaintiff is seeking damages in excess of the federal jurisdictional amount. In fact, the complaint explicitly states that it was *not* seeking an amount in excess of the federal jurisdictional amount. *See* Complaint ¶ 6 ("[T]he total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees, will not exceed $4,999,999 and is less than the five million dollar ($5,000,000) minimum threshold to create federal court jurisdiction."); *id*. at ¶ 7 ("Plaintiff and Class members stipulate ... that they seek to recover no more than $4,999,999 in this case. . . . [T]here is neither diversity jurisdiction, nor Class Action Fairness Act jurisdiction, nor a federal question for this claim to be brought in federal court.").

34. The Eighth Circuit also holds that "Section 1446(b) provides that if the case as stated in the initial pleadings is not removable, the notice of removal may be filed within thirty days of when the defendant first discovers the case is removable." *In re Willis*, 228 F.3d at 897 n.1; *see also Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 973-74 (8th Cir. 2011) (holding same); *Hurst v. Nissan N.A., Inc.*, No. 4-12-CV-1488-DGK, 2013 WL 65466, at *3 (W.D. Mo. Jan. 4, 2013) ("If the plaintiff has obscured or omitted the grounds on which the case stated by the initial pleading is removable, the defendant has thirty days from when the grounds for removal are reveled to file its notice of removal.").

35. Thus, where a "complaint [does] not explicitly disclose the amount of damages sought," a defendant need not "glean the amount in controversy from [the] complaint" in order to determine whether the case is removable to federal court. *Knudson*, 634 F.3d at 974. Rather, the 30-day removal period can be commenced by a subsequent "amended pleading, motion, order, or other paper." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

36. The 30-day removal period commenced in this case, if at all, when plaintiff served the February 28, 2013, written discovery responses discussed above that first quantified the damages claimed by plaintiff on behalf of herself and the putative class.

37. Accordingly, this notice of removal is timely because it is filed within 30 days of the receipt of those written-discovery responses. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.") (emphasis added).

38. Moreover, since the February 28, 2013, service of the written discovery responses, the Supreme Court of the United States issued its decision in *Knowles* reversing the Eighth Circuit and holding that a named plaintiff in an uncertified class action has no authority to bind the putative class members to a pledge that the damages sought will be less than $5 million.

**Exceptions to CAFA Jurisdiction**

39. None of the exceptions to CAFA jurisdiction applies. Target is not a citizen of the State of Missouri. Accordingly, Sections 1332(d)(3) and (d)(4) do not apply. Section 1332(d)(5)(A) does not apply because Target is not a governmental entity. Section 1332(d)(5)(B) does not apply because the number of members of all proposed plaintiff classes in

11

the aggregate is not less than 100. *See* Complaint ¶ 46. Section 1332(d)(9) does not apply because plaintiff's claims do not involve securities or the internal affairs or governance of a corporation.

40. Accordingly, this Court has original jurisdiction under CAFA and the removal is timely.

## REMOVAL PROCEDURE

41. Target will serve on counsel for plaintiff a true and correct copy of this notice of removal. *See* 28 U.S.C. § 1446(d).

42. Target will file with the Circuit Court of Phelps County, Missouri, a true and correct copy of this notice of removal. *See id*.

WHEREFORE, Target Corporation hereby removes this action to this Court for further proceedings according to law.

Respectfully submitted,

HUSCH BLACKWELL LLP


/s/ Bryan O. Wade
Bryan O. Wade,     #41939
Cory Collins,     #52036
901 St. Louis Street, Suite 1800
Springfield, MO 65806
T:  417.862.6726
F:  417.862.6948
bryan.wade@huschblackwell.com
cory.collins@huschblackwell.com

and

Charles L. Schlumberger (*pro hac vice*)
Karen S. Halbert (*pro hac vice*)
QUATTLEBAUM, GROOMS,
  TULL & BURROW, PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
T:  501.379.7362
F:  501.379.3862
cschlumberger@qgtb.com
khalbert@qgtb.com

Brandon B. Cate (*pro hac vice*)
QUATTLEBAUM, GROOMS,
  TULL & BURROW, PLLC
4100 Corporate Center Drive, Suite 310
Springdale, AR 72762
T: 479.444.5205
F: 479.444.5255
bcate@qgtb.com

**ATTORNEYS FOR DEFENDANT**

13

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 28, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and/or email upon the following:

David L. Steelman, Esq.
Stephen F. Gaunt, Esq.
Patrick J. Horsefield, Esq.
STEELMAN, GAUNT & HORSEFIELD
901 Pine Street, Suite 110
Rolla, MO  65401
T:  573.458.5231
dsteelman@steelmanandgaunt.com
sgaunt@steelmanandgaunt.com
phorsefield@steelmanandguant.com

Stuart L. Cochran
LAW OFFICES OF
  STUART L. COCHRAN, PLLC
6900 N. Dallas Parkway, Suite 200
Plano, TX  75024
T: 214.219.8828
scochran@scochranlaw.com

Scott A. Kamber
David A. Stampley
KAMBER LAW, LLC
100 Wall Street, 23rd Floor
New York, NY  1005
T: 212.920.3072
dstampley@kamberlaw.com
skamber@kamberlaw.com
*Attorneys for Plaintiff*

                                            /s/ Bryan O. Wade
                                            Bryan O. Wade